J-A22017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT I. GOFF | |
| Appellant | No. 61 MDA 2015 |

Appeal from the Judgment of Sentence December 9, 2014
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000735-2012

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 31, 2015**

Appellant Robert Goff appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas following his jury trial conviction for delivery of a controlled substance[1] and criminal use of a communication facility.[2]  We affirm.

On March 15, 2012, police arrested Appellant and charged him with possession of a controlled substance with intent to deliver ("PWID"),[3]

———————————————————————

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 7512(a).

[3] 35 P.S. § 780-113(a)(30).

conspiracy to commit PWID,[4] delivery of a controlled substance, and criminal use of a communication facility. On October 14, 2014, a jury convicted Appellant of delivery of a controlled substance and criminal use of a communication facility. On December 9, 2014, the trial court sentenced Appellant to 15 to 30 months' incarceration on the delivery conviction and 2 years of consecutive probation on the criminal use of a communication facility conviction. On January 6, 2015, Appellant timely appealed.[5]

Appellant raises the following three (3) claims for review:

1. Whether the trial court erred in denying [Appellant's] motion to dismiss pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure?

2. Whether the trial court erred in failing to permit defense counsel to question a Commonwealth witness concerning the facts of her prior convictions?

3. Whether the trial court erred in failing to permit defense counsel to introduce prior bad acts of a Commonwealth witness?

Appellant's Brief, p. 3 (all capitals removed).

### A. The Rule 600 Claim.

Appellant first claims the trial court erred in denying his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600. *See* Appellant's Brief, pp. 11-21. He is incorrect.

---

[4] 18 Pa.C.S. § 903.

[5] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

This Court's standard and scope of review in analyzing a Rule 600 issue are well-settled:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review ... is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.
>
> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Peterson*, 19 A.3d 1131, 1134-35 (Pa.Super.2011), *aff'd*, 44 A.3d 655 (Pa.2012) (quoting *Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa.Super.2007) (*en banc*)).

Rule 600 requires trial in criminal cases to commence no later than 365 days from the date on which the complaint is filed. Pa.R.Crim.P. 600(A). The mechanical run date is the date by which the trial must commence under Rule 600. *Ramos*, 936 A.2d at 1102. It is calculated by adding 365 days to the date on which the criminal complaint is filed. *Id.* The adjusted run date is the mechanical run date plus any excludable delay. *Id.*; Pa.R.Crim.P. 600(C). Periods of delay caused by the defendant, such as defense continuances, are "excludable delay." Pa.R.Crim.P. 600(C); *see also Commonwealth v. Jones*, 886 A.2d 689, 702 (Pa.Super.2005) (249-day period occasioned by defense continuances excludable). Additionally, the period of time from the filing of a Rule 600 motion to its disposition is excludable time. *Commonwealth v. Booze*, 953 A.2d 1263, 1277 (Pa.Super.2008); *Commonwealth v. Williams*, 726 A.2d 389, 392 (Pa.Super.1999) ("The period of time between a defendant's motion to dismiss pursuant to Rule [600] and the trial court's rendering a decision on the motion is excludable time under Rule [600].").

If the defendant's trial commences outside the adjusted run date, the court must determine whether "excusable delay" occurred. *See* Pa.R.Crim.P. 600(G). "Excusable delay" is a period of delay outside the

control of the Commonwealth and not the result of the Commonwealth's lack of due diligence. *Ramos*, 936 A.2d at 1102.

"[D]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Bradford*, 46 A.3d 693, 704 (Pa.2012). "The Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." *Commonwealth v. Hyland*, 875 A.2d 1175, 1191 (Pa.Super.2005); *see also Commonwealth v. Kostra*, 502 A.2d 1287, 1291 (Pa.Super.1985) ("So long as [a] witness['s] unavailability is through no fault of the Commonwealth, . . . an extension is proper."). This Court has explained that, "[i]t is well settled that when a witness becomes unavailable . . . due to illness, vacation or other reason not within the Commonwealth's control . . . an extension of time is warranted." *Commonwealth v. Corbin*, 568 A.2d 635, 638 (Pa.Super.1990). Accordingly, this Court has determined that a witness' unavailability to testify was beyond the control of the Commonwealth in a variety of analogous circumstances. *See Kostra*, 502 A.2d at 1291 (illness of a Commonwealth witness); *Commonwealth v. Burke*, 496 A.2d 799, 801 (Pa.Super.1985) (police officer on vacation); *Commonwealth v. Reihart*, 449 A.2d 35 (Pa.Super.1982) (Commonwealth witness seriously ill); *Commonwealth v. Caden*, 473 A.2d 1047, 1052 (Pa.Super.1984)

(Commonwealth's essential eyewitness ill and hospitalized); *Hyland*, *supra* (military deployment of police officer).

Further, judicial delay is not chargeable to the Commonwealth. *See Ramos*, 936 A.2d at 1104 (a "clogged trial court docket [is a] circumstance[] beyond the control of the Commonwealth[.]"); *see also Commonwealth v. Nellom*, 565 A.2d 770, 773 (Pa.Super.1989) (noting that when a case is scheduled for the earliest possible date consistent with the court's business, delay from this scheduling is not chargeable to the Commonwealth).

The trial court outlined the procedural posture relevant to Appellant's Rule 600 motion to dismiss as follows:

> On May 10, 2013, the date by which [Appellant's] trial had to commence, also known as the "adjusted run date," was January 24, 2014.[1] A pre-trial conference for the case was scheduled for May 10, 2013.[2] The Commonwealth requested a continuance of the pretrial conference because the lead investigators on the case would not be available during the then-upcoming trial term. The [c]ourt granted the Commonwealth's request for a continuance over [Appellant's] objection. The case was continued to August 16, 2013.
>
> > 1 The Deputy Court Administrator of Lycoming County Court of Common Pleas provided this adjusted run date.
> >
> > 2 In Lycoming County, a case believed to be ready for trial receives a pre-trial conference date. If the case is indeed ready for trial, the case goes to the Call of the List. If the case is called at the Call of the List, it receives a jury selection date and a trial date in the trial term. At [Appellant's] pre-trial conference preceding the May 10, 2013 pre-trial conference, [Appellant] requested and was granted a continuance. This

- 6 -

continuance meant that the trial could be delayed up to June 21, 2013, the last day of the trial term corresponding with the May 10, 2013 pre-trial conference. In her determination of the adjusted run date, the Deputy Court Administrator excluded the time to June 21, 2013.

On July 16, 2013, in light of the Supreme Court [of the United States'] decision in **Alleyne v. United States**, [, ___ U.S. ___, 133 S. Ct. 2151 (2013),] the Commonwealth filed a Motion to Amend the Information. A pre-trial conference was held on August 16, 2013. On August 27, 2013, the case went to the Call of the List but was not reached. Consequently, a trial was not scheduled. A pre-trial conference was held on September 20, 2013. The case was scheduled to go to the Call of the List on October 1, 2013, but on September 27, 2013, the Commonwealth requested a continuance because of its pending motion to amend the information. The [c]ourt granted the Commonwealth's request for a continuance over [Appellant's] objection. The case was continued to December 6, 2013.

On November 7, 2013, the [c]ourt granted the Commonwealth's motion to amend the information. On November 7, 2013, [Appellant] filed a motion requesting the [c]ourt to certify the matter for an interlocutory appeal. On December 6, 2013, the [c]ourt denied [Appellant's] motion for certification. Also on December 6, 2013, the Deputy Court Administrator continued the case to January 14, 2014 because the Defense indicated that he was appealing the [c]ourt's November 7, 2013 Order. On January 3, 2014, [Appellant] filed a document titled "Petition for Permission to Appeal" with the Superior Court of Pennsylvania. This petition was served on the Commonwealth but was not filed with the Lycoming County Clerk of Court. On January 10, 2014, the [c]ourt ordered [Appellant] to file a concise statement of matters complained of on appeal. On January 14, 2014, the Deputy Court Administrator continued the case to March 18, 2014 because she believed the appeal issue was ongoing. On January 31, 2014, [Appellant] filed his concise statement of matters complained of on appeal. On February 20, 2014, the Superior Court issued an Order denying [Appellant's] "Petition for Permission to Appeal." For reasons unknown, this Order was never filed with the Lycoming County Clerk of Court.

On February 28, 2014, [Appellant] filed a motion for reconsideration of the Order granting the motion to amend the information. In that motion, [Appellant] stated that on February 20, 2014, the Superior Court denied the "Petition for an Interlocutory Appeal." A copy of the motion for reconsideration was served on the Commonwealth. On March 4, 2014, the [c]ourt issued an Order granting [Appellant's] motion for reconsideration and striking the amendment to the information. The Deputy Court Administrator did not list the case for a pre-trial conference on March 18, 2014 because of "Alleyne/appeal issues." The Deputy Court Administrator did not list the case for a pre-trial conference on May 6, 2014 again because of "Alleyne/appeal issues." On July 29, 2014, [Appellant] filed a Motion to Dismiss Pursuant to Rule 600. A pre-trial conference was held on August 12, 2014. On August 18, 2014, [Appellant] requested a continuance. The [c]ourt granted this continuance and indicated that the time from August 26, 2014 to November 14, 2014 was excludable for Rule 600 purposes.

In his motion to dismiss, [Appellant] argues that the time from December 6, 2013 to August 18, 2014 is not excludable for purposes of Rule 600. He argues that the [c]ourt did not lose jurisdiction when he filed the "Petition for Permission to Appeal" with the Superior Court. [Appellant] argues that [the] Commonwealth did not exercise due diligence in bringing [Appellant's] case to trial, and, therefore, [Appellant's] right to a speedy trial has been violated. He asks that the charges against [Appellant] be dismissed with prejudice. In response, the Commonwealth argues that the time from December 6, 2013 to August 18, 2014 is excludable for Rule 600 purposes because the delay was due to administrative errors by court administration and misleading court filings.

Trial Court Opinion and Order, filed September 22, 2014 ("Rule 600 Order"),

pp. 1-3.[6]

_____

[6] The trial court's Pa.R.A.P. 1925(a) opinion incorporates the Rule 600 Order. **See** Trial Court's Pa.R.A.P. 1925(a) Opinion, filed March 4, 2105, p. 1.

The trial court concluded that multiple periods of delay in this matter were not attributable to the Commonwealth. *See* Rule 600 Order, pp. 4-10. The trial court made the following rulings:

- May 10, 2013 through June 21, 2013: excludable delay occasioned by a defense continuance. *See* Rule 600 Order, pp. 1 n. 2, 4-5; *see also* Pa.R.Crim.P. 600(C); *Jones*, *supra*.

- June 21, 2013 through August 27, 2013: excusable delay occasioned by the unavailability of the Commonwealth's investigator. *See* Rule 600 Order, p. 5; *see also Burke*, *supra*.

- August 27, 2013 through September 27, 2013: excusable delay occasioned by the trial court's schedule. *See* Rule 600 Order, pp. 5-6;[7] *see also Nellom*, *supra*.

- December 6, 2013 through February 4, 2014: excludable delay occasioned by Appellant's attempts to appeal the trial court's November 7, 2013 Order granting the Commonwealth leave to amend the information. *See* Rule 600 Order, pp. 7-9.[8]

---

[7] The trial court acknowledged, and the Commonwealth conceded, that the period from the Commonwealth's September 27, 2013 continuance request through the next available pre-trial conference date on December 6, 2013, was time chargeable to the Commonwealth for Rule 600 purposes. *See* Rule 600 Order, p. 6.

[8] The trial court determined that its determination on Appellant's requested appellate certification request was beyond the control of the Commonwealth and therefore excludable time.

- <u>January 14, 2014 through May 2, 2014</u>: the trial court explained its

  determination that this period of time was excusable delay by stating:

  > On January 14, 2014, the Deputy court Administrator
  > continued the case to the next pre-trial conference date
  > because she believed the appeal [of the trial court's refusal
  > to certify Appellant's issue regarding the court's grant of
  > the Commonwealth's motion to amend the information]
  > was ongoing. Once again, the Commonwealth could have
  > reasonably believed that the continuance was an indication
  > that the [c]ourt wanted to wait for the Superior Court
  > decision before proceeding further. This reasonable belief
  > was strengthened by the [c]ourt's request for a concise
  > statement of matters complained of on appeal. Such a
  > request typically means that the [c]ourt intends to address
  > the appeal. Furthermore, the Superior Court had not yet
  > decided whether to grant [Appellant's] petition for review,
  > so it is again difficult to believe that [Appellant] would
  > have been willing to go to trial at that time. Since the
  > decision of whether to proceed further in the case was not
  > in the hands of the Commonwealth, it did not fail to act
  > with due diligence.

Rule 600 Order, pp. 9-10.[9]

- <u>August 18, 2014 through November 14, 2014</u>: excludable delay

  occasioned by a defense continuance request.

  As a result of these excludable and excusable periods of delay, the trial

court concluded:

---

[9] The Commonwealth further argues that the entire period between January 14, 2014 and August 12, 2014 should be excusable, as it was occasioned by the Deputy Court Administrator's error. ***See*** Commonwealth's Brief, pp. 4-10. In fact, the Commonwealth notes the fact that it discovered and pointed out the problems to Court Administration evidences, if anything, its own due diligence in the face of errors not of its making. ***Id.***

[O]n May 10, 2013, 106 days of non-excludable time had elapsed. Therefore, the Commonwealth had 259 days to commence the trial in order to comply with Rule 600. May 10, 2013 to July 29, 2014 encompasses 445 days. Of the 445 days, 249 are excludable, and 196 are not excludable. The [c]ourt finds that adding 196 days to the 106 days in the case equals 302 days elapsed[,] leaving the Commonwealth with 63 days to commence the trial in order to comply with Rule 600. Therefore, [Appellant's] Motion to Dismiss Pursuant to Rule 600 is denied.

Rule 600 Order, p. 11.

After reviewing the record, we find that, when all the excludable and excusable time is taken into account, Appellant's Rule 600 claim fails. We agree with the trial court that the Commonwealth had over two months remaining in which to bring Appellant to trial.[10] The trial court did not abuse its discretion in denying this claim.

## B. The Trial Court's Evidentiary Rulings.

Appellant's remaining claims concern the trial court's rulings pertaining to a Commonwealth witness. These claims afford him no relief.

This Court has stated the well-established standard of review for admission of evidence claims as follows:

The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus, [this Court's] standard of

---

[10] Because of our disposition, we need not determine whether the Commonwealth correctly argued that the entire period between January 14, 2014 and August 12, 2014 should be considered excusable. **See** Footnote 9, **supra**.

review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa.Super.2012).

1. *Denial of questioning regarding underlying facts of Commonwealth's witness's prior conviction*.

Appellant first claims the trial court erred by denying his motion to cross-examine Commonwealth witness Stevannah Helminiak[11] regarding the underlying facts of her prior *crimen falsi* conviction for theft.[12] **See** Appellant's Brief, pp. 21-24. He is incorrect.

In Pennsylvania, "[a]ll relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. "Evidence is relevant if: (a) it has any tendency to make a fact

_____

[11] The trial court summarized Ms. Helminiak's relevant testimony as follows:

> [Ms.] Helminiak [] testified that she was staying at Steven Timlin's (Timlin) house on March 15, 2012. [Ms.] Helminiak called [Appellant] after she received money from a confidential informant (CI) to purchase crack cocaine. [Appellant] drove to Timlin's house, and [Ms.] Helminiak entered [Appellant's] vehicle. There was a piece of tissue in between the vehicle's seats; the tissue had crack cocaine in it. [Ms.] Helminiak grabbed the tissue, put money in between the seats, and exited the vehicle. She returned to the CI, took one bag of heroin, and gave the rest of the bags to the CI.

1925(a) Opinion, p. 1.

[12] Ms. Helminiak's prior convictions included forgery and theft by deception convictions, both *crimen falsis*, as well as convictions for conspiracy and possession with intent to deliver a controlled substance.

more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. Further, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

As to crimes, wrongs, or other acts, our Rules of Evidence specifically prohibit the use of evidence of a crime, wrong, or other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Pa.R.E. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). Again, in a criminal case such evidence is subject to a balancing of probative value against prejudicial effect. *Id.*

At sidebar during Ms. Helminiak's testimony, defense counsel forwarded the following argument in an attempt to introduce the circumstances of Ms. Helminiak's prior theft conviction:

> [Defense Counsel]: Here's the situation, Your Honor, and I don't even have to get into what was taken; but the facts are she steals stuff from [the victim of her prior theft], she gets a ride, she's out of town, she's going out and gets stopped and arrested. Our [d]efense in [the current matter] is that she was trying to get a ride away from this place. I think this goes to the same fact pattern that [resulted in Ms. Helminiak's prior theft conviction].

- 13 -

N.T. 10/14/2014, p. 70. The trial court sustained the Commonwealth's objection.

The trial court disposed of this argument as follows:

> Essentially, [d]efense [c]ounsel argued that the circumstances surrounding [Ms.] Helminiak's theft conviction show that [Ms.] Helminiak entered [Appellant's] vehicle not with the intent to purchase cocaine, but with the intent to get a ride away from Timlin's house. [Ms.] Helminiak entering a vehicle is the only similarity between the facts of Helminiak's theft conviction and the facts surrounding the present case. There was no testimony that [Ms.] Helminiak stole from the CI or Timlin before entering [Appellant's] vehicle. [Ms.] Helminiak received money from the CI, and after [Ms.] Helminiak exited [Appellant's] vehicle, she gave the bags of cocaine. The facts of [Ms.] Helminiak's theft conviction are too different from the facts of the present case to support the inference that [Ms.] Helminiak entered [Appellant's] vehicle to get a ride away from Timlin's house.
>
> Even if the circumstances surrounding [Ms.] Helminiak's theft conviction are relevant, their probative value was outweighed by the danger of misleading the jury. As mentioned above, there was no evidence that [Ms.] Helminiak stole from the CI or Timlin before entering [Appellant's] vehicle. If the [c]ourt permitted the introduction of the circumstances surrounding [Ms.] Helminiak's theft conviction, the jury could have been misled into believing that [Ms.] Helminiak had stolen from the CI or Timlin before entering [Appellant's] vehicle.

1925(a) Opinion, pp. 2-3.

The trial court did not abuse its discretion in reaching this conclusion and preventing defense counsel from inquiring into the facts of Ms. Helminiak's prior conviction.

2. *Denial of questions regarding Commonwealth's witness having absconded from supervision*.

Next, Appellant claims the trial court erred by not allowing him to cross-examine Ms. Helminiak regarding the fact that she absconded while on supervision for a prior act. **See** Appellant's Brief, pp. 24-25. Again, he is incorrect.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1).

The following discussion also occurred at the above-referenced sidebar during Ms. Helminiak's testimony:

> [Defense Counsel]: While we're here you're going to object to this then as well. Can we get into the fact that she absconded while she was on supervision [for her prior convictions]? Under [her theft conviction]?
>
> [Prosecutor]: Same objection. How is it relevant that she absconded? It's relevant that she's convicted of a crime, crimen falsi. How is it relevant that she's avoiding her probation officer?
>
> [Defense Counsel]: Judge, it goes to lack of respect for authority. It goes to her character as an individual. There is a bench warrant issued for her. She's on the run. This is all prior to the current case. They want to make it sound like all of a sudden she's doing this wonderful thing by coming in and testifying of her own free will. I want to show her character is not that at all.
>
> [Prosecutor]: That's exactly why it's not relevant. It's character evidence.

N.T. 10/14/2014, pp. 70-71. The trial court sustained the Commonwealth's objection.

- 15 -

The trial court did not abuse its discretion by disallowing questioning into Ms. Helminiak's character as evidenced by her absconding from supervision.

For the preceding reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/31/2015</u>