J-S47025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY DIAZ | |
| Appellant | No. 2093 EDA 16 |

Appeal from the PCRA Order June 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014222-2010

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:  **FILED OCTOBER 10, 2017**

Henry Diaz appeals from the June 17, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

On August 24, 2010, Diaz was arrested and charged with possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and criminal conspiracy to commit PWID.[1]  On August 14, 2012, the trial court conducted a non-jury trial and, on November 29, 2012, convicted Diaz of the aforementioned charges.  On February 15, 2013, the trial court sentenced Diaz to an aggregate term of 4 to 8 years'

_____

[1] 35 P.S. §§ 780-113(a)(16), (a)(30), and 18 Pa.C.S. § 903(a), respectively.

incarceration, followed by 5 years' probation. On March 5, 2013, Diaz timely filed a notice of appeal. On June 19, 2013, Diaz's trial counsel withdrew the appeal.

On June 27, 2013, Diaz filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on August 5, 2015. On November 19, 2015, the Commonwealth filed a motion to dismiss the PCRA petition. On May 10, 2016, the PCRA court filed a notice of intent to dismiss Diaz's PCRA petition under Pennsylvania Rule of Criminal Procedure 907. On June 17, 2016, the PCRA court dismissed Diaz's PCRA petition. On June 29, 2016, Diaz timely filed a notice of appeal.

Diaz raises two[2] interrelated issues on appeal:

> Whether the PCRA court abused its discretion by incorrectly calculating the time pursuant to a Rule 600 motion where more than 721 days passed prior to trial with 560 days attributable to the Commonwealth, and in failing to find that trial counsel was ineffective for failing to raise a Rule 600 challenge prior to the trial in this matter, and that appellate counsel provided ineffective assistance of counsel by failing to raise the challenge on appeal, all in violation of U.S. Const. Amend., V, VI, and XIV; and see, PA.Const. art. I, sec. 9[.]

Diaz's Br. at 4.

_____

[2] We recognize that Diaz may be attempting to raise a claim that he is entitled to PCRA relief because his speedy trial rights under the United States and Pennsylvania Constitutions were violated by the Commonwealth's alleged violation of Rule 600(A). Because we conclude that the Commonwealth did not violate Rule 600(A), any such argument, regardless of whether it is cognizable under the PCRA, is meritless.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Diaz raises ineffective assistance of counsel claims.

> To prevail on . . . [ineffective assistance of counsel] claims, [the PCRA petitioner] must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011). "The law presumes counsel was effective[,]" *Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super. 2012), and PCRA petitioners "bear[] the burden of pleading and proving each of the three . . . factors by a preponderance of the evidence," *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa.Super. 2015), *app. denied*, 141 A.3d 479 (Pa. 2016). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." *Commonwealth v. Williams*, 980 A.2d 510, 520 (Pa. 2009).

## I. Ineffective Assistance of Trial Counsel Claim

Diaz argues that the PCRA court erred in determining that his ineffective assistance of trial counsel claim lacked arguable merit because it incorrectly concluded that the Commonwealth complied with Rule 600. When considering Rule 600 issues

this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters . . ., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Thompson*, 93 A.3d 478, 486 (Pa.Super. 2014) (quoting *Commonwealth v. Ramos*, 936 A.2d 1097, 1097 (Pa.Super. 2007)) (alterations in original).

Rule 600 provides in pertinent part:

(A)  Commencement of Trial; Time for Trial

. . .

  (2)  Trial shall commence within the following time periods.

    (a)  Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

. . .

(C)  Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

. . .

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time in within which trial must commence in accordance with this rule.

Pa.R.Crim.P. 600.

While "Rule 600 requires the Commonwealth to try a defendant within 365 days of the filing of a criminal complaint[,] . . . [a] defendant . . . is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint." **Commonwealth v. Roles**, 116 A.3d 122, 125-26 (Pa.Super.), *app. denied*, 128 A.3d 220 (Pa. 2015). "Rather, Rule 600 'provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time.'" **Id.** at 126

(quoting ***Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa.Super. 2013)). "The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable and excusable delay." ***Id.***

"Excludable time includes delay caused by the defendant or his lawyer[,] . . . [whereas] excusable delay occurs where the delay is caused by 'circumstances beyond the Commonwealth's control and despite its due diligence.'" ***Id.*** (quoting ***Goldman***, 70 A.3d at 879). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Id.*** (quoting ***Commonwealth v. Armstrong***, 74 A.3d 228, 236 (Pa.Super. 2013)). Further, "judicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa.Super. 2004) (quotation omitted).

According to Diaz, of the 721 days between his arrest and trial, 560 days were attributable to the Commonwealth. Diaz primarily argues that two time periods – (1) from February 23, 2011 through September 23, 2011, and (2) from February 9, 2012 through August 13, 2012 – were attributable to the Commonwealth.

**A.    Time Between Scheduling Conference and First Listed Trial Date**

On February 23, 2011, the trial court attempted to hold a status conference, but a co-defendant's counsel failed to appear. Thus, the trial court continued the matter to March 2, 2011 and ruled the time excusable.

On March 2, 2011, the trial court held a status conference, at which it noted that the earliest possible pre-trial motion date was September 19, 2011, but scheduled the pre-trial motion date for four days later, September 23, 2011, because a necessary police officer witness was not available until September 21, 2011. The trial court also listed the matter for trial on October 7, 2011. The trial court did not make a contemporaneous ruling on whether any portion of this time was attributable to the Commonwealth.

Diaz argues that the period between February 23, 2011 and September 23, 2011 is attributable to the Commonwealth because the trial court did not rule the time excludable. The Commonwealth asserts that this time is excusable because the delay was "due to the trial court's busy schedule, not the Commonwealth's lack of diligence." Cmwlth.'s Br. at 14.

We agree with the Commonwealth and conclude that the trial court correctly concluded that this time was excusable from the Rule 600 calculation. Opinion, 1/12/16, at 7. First, with respect to the seven-day period between February 23, 2011 and March 2, 2011, it is well settled that a co-defendant's continuance is excusable from the defendant's Rule 600 calculation when the defendant acquiesces to the delay. **See Commonwealth v. Kearse**, 890 A.2d 388, 394 (Pa.Super. 2005) (holding that "the fact that co-defendant's counsel did not appear was a circumstance

beyond the control of the Commonwealth"). Because the Commonwealth was prepared to proceed, and nothing in the record shows Diaz did not acquiesce to the continuance, we conclude that the trial court was correct in concluding that the Commonwealth acted with due diligence and in ruling that the seven-day period between February 23, 2011 and March 2, 2011 was excusable from the Rule 600 calculation.

The period between March 2, 2011 and September 23, 2011 is also excusable from the Rule 600 calculation. The docket entry for the March 2, 2011 scheduling conference states "earliest possible date – 9/19/11; necessary police officer on vacation until 9/21/11[; m]otions date 9/23/11."[3] Under these circumstances, we conclude that this 201-day period between March 2, 2011 and September 19, 2011 was judicial delay based on the trial court's schedule, and, thus, not attributable to any lack of due diligence by the Commonwealth. *See Commonwealth v. Brown*, 875 A.2d 1128, 1135 (Pa.Super. 2005) (holding that judicial delay is appropriate where due to congested court dockets and trial court establishes that "it has devoted a

_____

[3] Diaz does not discuss whether the period between September 19, 2012 and September 23, 2012 was attributable to the Commonwealth because its witness was on vacation. Because these four days do not affect the outcome of our Rule 600 analysis, we need not address this issue; instead, we will assume without deciding that these days are attributable to the Commonwealth. *But cf. Commonwealth v. Hunt*, 858 A.2d 1234, 1243 (Pa.Super. 2004) (concluding that "victim's absence from the country and unavailability was a circumstance beyond the Commonwealth's control" and not attributable to Commonwealth).

reasonable amount of resources to the criminal docket and that it scheduled the criminal trial at the earliest possible date consistent with the court's business") (quoting **Commonwealth v. Williams**, 726 A.2d 389, 392 (Pa.Super. 1999)) (emphasis omitted).

### B. Time Between the Second Listed Trial Date and the Actual Trial

Following a series of continuances by the trial court because it was presiding over a trial in a separate matter, on February 9, 2012, the trial court relisted Diaz's case for the earliest possible trial date of August 13, 2012. On August 13, 2012, Diaz's counsel requested a one-day continuance to assess a possible plea or waiver trial, which the trial court granted.[4] On August 14, 2012, Diaz proceeded to trial.

Diaz argues that the period between February 9, 2012 and August 13, 2012 was attributable to the Commonwealth. The Commonwealth asserts that this time is excusable, as the delay "could [not] be attributed to the Commonwealth." Cmwlth.'s Br. at 16.

We agree with the Commonwealth. The docket entry granting a continuance on February 9, 2012 has multiple notes, stating "Defense attorney attached – must be tried." Because the trial court was presiding over a trial in another matter, the trial court rescheduled the matter for the earliest possible date. There is no indication that the Commonwealth did not

---

[4] Diaz concedes that this one-day delay is excludable.

exercise due diligence in attempting to bring Diaz to trial. Thus, this 186-day period was excusable from the Rule 600 calculation. ***See Brown***, 875 A.2d at 1135.

### C.    Conclusion

Diaz's mechanical run date was 365 days from his arrest, or August 15, 2011. Of the 721 days between Diaz's arrest and trial, he admits that 157 days are excludable due to his actions. When we add those 157 days and the 387 excusable days discussed above to the mechanical run date, we conclude that, at the earliest, Diaz's adjusted run date is February 9, 2013. Because the Commonwealth brought Diaz to trial on August 14, 2012, we conclude that the Commonwealth complied with Rule 600(A).

Because the Commonwealth complied with Rule 600(A), we further conclude that Diaz's ineffective assistance of trial counsel claim lacks arguable merit. Therefore, we conclude that the PCRA court appropriately dismissed his ineffectiveness claim.

## II.    Ineffective Assistance of Appellate Counsel Claim

Next, Diaz argues that his "appellate counsel was ineffective for failing to argue [a] violation of his speedy trial rights on appeal." Diaz's Br. at 18. Diaz argues that "[w]hile appellate counsel would be unaware that trial counsel told [Diaz] that [trial counsel] had filed a speedy trial motion, clearly upon review of this matter, a reasonable attorney would have noticed that [Diaz] was arrested on August 24, 2010 and not tried until August 24, 2012." ***Id.***

Diaz waived this claim by not including it in his PCRA petition. ***See Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007) (holding that claims not raised in PCRA petition are "waived and not cognizable on appeal"). Even if Diaz had preserved this claim, we have already concluded that trial counsel was not ineffective. Thus, Diaz's ineffective assistance of appellate counsel claim fails. ***See Commonwealth v. Paddy***, 15 A.3d 431, 443 (Pa. 2011) ("To establish the arguable merit prong of a claim of appellate counsel ineffectiveness for failure to raise a claim of trial counsel ineffectiveness, the petitioner must prove that trial counsel was ineffective[.]").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2017