J-S48015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACK PARKER | : | |
| | : | |
| Appellant | : | No. 1251 EDA 2019 |

Appeal from the Order Entered March 28, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000040-2012

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 12, 2019**

Jack Parker appeals *pro se* from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.[1]

In November 2011, police responded to a report that Appellant was stalking his estranged wife and her alleged paramour at their place of employment.  After Appellant admitted to installing a GPS device on his wife's vehicle and conceded that he had been trying to catch her cheating on him, he entered an open guilty plea to stalking, defiant trespass, disorderly conduct, and interception of wire communication.  Appellant was permitted to withdraw his plea after this Court so ordered and remanded the case for a

_____

[1] Also before us is Appellant's August 9, 2019 motion to file a reply brief.  As Appellant filed his reply brief on August 23, 2019, we deny the motion as moot.

* Retired Senior Judge assigned to the Superior Court.

trial, remitting the record to the trial court on May 23, 2014. ***Commonwealth v. Parker***, 102 A.3d 530 (Pa.Super. 2014) (unpublished memorandum).

Prior to trial, the Commonwealth withdrew the disorderly conduct charge. At the conclusion of trial, the jury found Appellant guilty of the remaining offenses, and the trial court sentenced him to a term of fifty-eight to 124 months of imprisonment, followed by one year of probation. This Court affirmed the judgment of sentence and permitted Appellant's direct appeal counsel to withdraw. ***Commonwealth v. Parker***, 156 A.3d 340 (Pa.Super. 2016) (unpublished memorandum).

Appellant filed a timely *pro se* PCRA petition in which he generically alleged that he was entitled to relief pursuant to 42 Pa.C.S. § 9543(a)(2)(i), (ii), and (viii), but detailed no claims or factual bases for them. Specifically, Appellant's petition states as follows:

<u>GROUNDS FOR RELIEF</u>

6) "A violation of the Constitution of this Commonwealth or the Constitution or laws of this United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543 (a)(2)(i).

7) "Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543 (a)(2)(ii).

8) "A proceeding in a tribunal without jurisdiction." 42 Pa.C.S. § 9543 (a)(2)(viii).

PCRA Petition, 8/14/17, at 2-3.

- 2 -

The PCRA court appointed counsel, who ultimately filed an application to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Therein, counsel identified the following issues as those that Appellant wished to pursue:

> 1.) Whether trial counsel rendered ineffective assistance by failing to assert that the case should have been dismissed since the trial was held more than 120 days after remand for trial by the Pennsylvania Superior Court, in alleged contravention of Pa.R.Crim.P. 600?
>
> 2.) Whether trial counsel rendered ineffective assistance by failing to raise pre-trial motions to dismiss the offenses of disorderly conduct, stalking and interception of communication, as void for vagueness and/or for lacking probable cause?
>
> 3.) Whether trial counsel rendered ineffective assistance by failing to request dismissal of a juror, which alleged error denied [Appellant] the right to a fair trial by so undermining the truth determining process such that no reliable adjudication of guilt could have taken place?
>
> 4.) Whether trial counsel rendered ineffective assistance by failing to present mitigating factors on [Appellant's] behalf at sentencing?
>
> 5.) Whether trial counsel rendered ineffective assistance by failing to permit [Appellant] to make a statement of remorse or otherwise exercise his right to allocution at sentencing?
>
> 6.) Whether appellate counsel rendered ineffective assistance by virtue of the failure to raise or properly present some or all of the foregoing issues, suggesting that the same were meritorious and worthy for appellate review, which failure violated the Pennsylvania and/or United States Constitutions by undermining the truth determining process such that no reliable adjudication of guilt could have taken place?

No-Merit Letter, 12/14/18, at 2-3 (unnecessary capitalization omitted).

Agreeing with counsel that none of the above issues had merit, the PCRA court allowed counsel to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a response to the notice in which he posited that PCRA counsel's assessment was "distorted" and stated an intent to "be marginally . . . more specific in his claims[.]" Response to Rule 907 Notice, 3/22/19, at 2. Appellant then proceeded to cite tenets of law regarding, *inter alia*, ineffective assistance of counsel, due process, and hearsay, without offering any explanation of how they pertain to his case.[2] **See id**. at 2-10.

_____

[2] For example, Appellant's discussions of his "speedy trial" and "sentence" issues are as follows, *in toto* :

SPEEDY TRIAL

Pa.R.Crim.P. 600(C)(1); Pa.R.Crim.P. 600(G).

It is the overall (due) diligence of the Commonwealth that matters not (due) diligence in any particular stage of the proceedings.

**Commonwealth v. Kearse**, 890 A.2d 388 (Pa.Super. 2005).

SENTENCE

Challenges to the legality of a sentence cannot be waived and provide a basis for post-conviction relief even though the defendant did not seek to modify the sentence.

**Commonwealth v. Jones**, 932 A.2d 179 (Pa.Super. 2007).

Response to Rule 907 Notice, 3/22/19, at 5 (unnecessary capitalization omitted).

The PCRA court dismissed Appellant's petition by order of March 28, 2019. Appellant filed a timely notice of appeal. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a statement which verbatim stated as follows:

> In the concise statement of matters complained on appeal in a cordance with Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure the following issue's will be raised as follows:
>
> (1.) Ineffective assistance of counsel
> (2.) Speedy trial
> (3.) Sentence
> (4.) Impact of misleading police reports
> (5.) Due process on the law
> (6.) Hearsay - Rule 802
> (7.) Judge personal bias
>
> The above issue's has been presented in this concise statement of matter's complained on appeal in accordance with Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure.

Concise Statement, 5/6/19, at 2 (unnecessary capitalization omitted).[3]

Appellant states one issue for this Court's consideration: "Whether there was abuse of discretion for the [PCRA] court to not hold a hearing on the numerous issue's [*sic*] for the [PCRA] court to take into consideration, and the

---

[3] The PCRA court, describing Appellant's statement as "a laundry list of catch phrases and boilerplate assertions of error[,]" issued an opinion urging this Court to conclude that Appellant waived all issues. PCRA Court Opinion, 6/17/19, at 5. While the PCRA court's description is not inapt, we decline to find wholesale waiver. Instead, we will examine whether any issues Appellant argues on appeal were sufficiently detailed in prior PCRA filings such that the allegation of error was readily discernable from the 1925(b) statement.

[PCRA] court undermined the right to an evidentiary hearing pursuant to Pa.R.Crim.P. 907(a) and 908(A)(2)." Appellant's brief at v (unnecessary capitalization omitted).

We begin with the principles pertinent to our review. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

There is no absolute right to an evidentiary hearing on a PCRA petition. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa.Super. 2008). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Brown*, 196 A.3d 130, 193 (Pa. 2018) (cleaned up). Accordingly, we consider whether Appellant's brief convinces us that the issues he properly raised in the PCRA court warranted an evidentiary hearing.

Appellant's brief is similar to his response to the PCRA court's Rule 907 notice. He sets forth various legal principles, with citations to authority, but

offers little or no explanation as to their relevance to his case. In particular, we are unable to discern the nature of his claims titled "prosecutorial misconduct," "witness false testimony," or "due process on the law," from either his brief or any prior PCRA filing. Indeed, we cannot determine how these issues align with the "Impact of misleading police reports," or "Hearsay - Rule 802" issues stated in Appellant's Rule 1925(b) statement. Accordingly, those claims are waived. ***Commonwealth v. Roche***, 153 A.3d 1063, 1072 (Pa.Super. 2017) ("The failure to properly develop a claim renders an issue waived.").

As for Appellant's "speedy trial" claim, to the extent that he is contending that he should be discharged for a Pa.R.Crim.P. 600 violation, that claim could have been raised on his direct appeal but was not, rendering it waived for purposes of the PCRA. ***See*** 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). To the extent that he contends counsel was ineffective in not pursuing a Rule 600 claim, as the PCRA court and PCRA counsel noted, trial counsel did seek dismissal under Rule 600, but the motion was denied. ***See*** Notice of Intent to Dismiss, 2/6/19, at 6; No-Merit Letter, 12/14/18, at 6. Appellant presents no argument or citation to law and facts that suggest that appellate counsel was ineffective in not pursuing the issue on direct appeal.

Therefore, Appellant's speedy trial issue merits no relief from this Court. *See Roche*, *supra* at 1072.

Similarly, Appellant's "sentencing" issue—that the trial court failed to explain the reasons for imposing consecutive sentences—is waived for failure to raise it on direct appeal. *See* 42 Pa.C.S. § 9544(b). Further, any argument that counsel was ineffective for not raising it is waived for lack of development. *Roche*, *supra* at 1072. No relief is due.

Moving on to Appellant's "Judge personal bias" contention, it does not appear that Appellant raised this issue in the trial court by filing a motion to recuse. *See Commonwealth v. Timchak*, 69 A.3d 765, 774 (Pa.Super. 2013) ("If a party questions the impartiality of a judge, the proper recourse is a motion for recusal, requesting that the judge make an independent, self-analysis of the ability to be impartial.") (internal quotation marks omitted). Nor has he met the requirement of requesting recusal at "the earliest possible moment." *See Commonwealth v. Blount*, 207 A.3d 925, 930 (Pa.Super. 2019) (internal quotation marks omitted). Accordingly, Appellant has not established his entitlement to relief based upon his general allegation of judicial bias.

Appellant's remaining claims concern allegations of ineffectiveness of counsel. We note that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must

plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113.

The only allegations of ineffectiveness with any factual development in Appellant's brief appear to concern (1) the lack of substance to his post-sentence request to modify his sentence, and (2) subsequent actions imposed upon his counsel by the disciplinary board. *See* Appellant's brief at A-B.

Regarding the former, Appellant contends that trial counsel "filed a motion for reconsideration of sentence in which he asserted no grounds for the request." Appellant's brief at B. However, our review of the record reveals that counsel who was appointed to represent Appellant after trial/sentencing counsel withdrew obtained an extension of time to file a post-sentence motion and included therein several grounds for reconsideration: that the sentence "was excessive in the context of the sentencing guidelines;" that the trial court did not consider mitigating factors such as Appellant's "age, his military service to his country, his employment history, and his physical and emotional conditions (including post-traumatic stress disorder);" and that Appellant was not given the opportunity to address the court to express remorse. Post-Sentence Motion, 7/6/15, at 2.

Furthermore, Appellant does not explain how he was prejudiced by counsel's allegedly inadequate performance. Specifically, Appellant was

required to plead and offer to prove that, had counsel filed a more developed motion for reconsideration of sentence, he would have received a reduced sentence from the trial court. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1132 (Pa. 2007). He has failed to do so. Accordingly, his post-sentence motion issue warrants no relief from this Court.

As for Appellant's contention that he is entitled to relief because his trial counsel was subsequently subjected to disciplinary action, we find the following deficiencies. Appellant offers no discussion of what relationship, if any, the disciplinary proceedings bore to counsel's representation of Appellant, or even a hint as to the actions or inactions that prompted counsel's disbarment. This Court will not presume prejudice based upon counsel's subsequent removal from the practice of law. *Compare Commonwealth v. Allen*, 48 A.3d 1283, 1288 (Pa.Super. 2012) (holding prejudice not presumed where counsel was suspended from the bar after representing the appellant based upon conduct that occurred prior to his representation of him), *with Commonwealth v. Grant*, 992 A.2d 152, 162 (Pa.Super. 2010) (concluding that counsel was *per se* ineffective where he "had been suspended from the practice of law for nearly three years and had not taken a CLE class in five years" at the time he represented the appellant at trial). Without any development of the claim that Appellant was prejudiced by counsel's disbarment, or the actions predicate to it, Appellant is entitled to no relief. *See*, *e.g*., *Commonwealth v. McDermitt*, 66 A.3d 810, 813-14 (Pa.Super.

2013) (affirming dismissal of claims of ineffective assistance of counsel where, *inter alia*, allegations in petition did not explain specifics of underlying claim or establish prejudice).

As Appellant has failed to convince this Court that he raised in the PCRA court any claims founded upon sufficient allegations to raise an issue of fact concerning his entitlement to relief, we conclude that the PCRA court did not abuse its discretion in declining to hold a hearing on the issues before dismissing his PCRA petition. Therefore, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/12/19</u>