496 A.2d 799

**COMMONWEALTH of Pennsylvania**

v.

**Joseph BURKE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1985.

Filed July 26, 1985.

290

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

BECK, Judge:

Appellant contends that the lower court erred in granting the Commonwealth's petition for extension of time pursuant to Pennsylvania Rule of Criminal Procedure 1100.

Rule 1100(a)(2) provides:

Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

On March 25, 1983, a criminal complaint was filed against appellant, resulting in a Rule 1100 run date to September 21, 1983. The case was scheduled for trial on June 1, 1983 but because the Commonwealth was not ready to proceed

and there was an outstanding motion to quash the information before the Motions Court, the case was continued until September 9, 1983. At the September 9 trial date, the case was continued until November 25, 1983, the earliest possible date, because one Commonwealth witness was on vacation and a second Commonwealth witness had a medical problem.

Rule 1100(c) provides in part:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.

Appellant argues that because the trial was initially listed on June 1, 1983 and then listed again on September 9, 1983, the Commonwealth must establish that it had exercised due diligence in attempting to secure the presence of the witnesses for both listing dates.

■ The law is well settled that the Commonwealth need not prove that it acted with due diligence on prior trial or hearing dates for which a Rule 1100 extension was not sought. *Commonwealth v. Bulling*, 331 Pa.Super. 84, 480 A.2d 254, 257 (1984); *Commonwealth v. Tann*, 298 Pa.Super. 505, 444 A.2d 1297 (1982). The relevant inquiry at the extension hearing is whether the Commonwealth demonstrated due diligence at the last listing before the run date at which it was unable to bring appellant to trial. *Bulling*, 480 A.2d at 257.

■ The Commonwealth sought one Rule 1100 extension. September 9, 1983 was the last listing date before the September 21, 1983 run date. On September 14, 1983, the Commonwealth timely filed a Petition For Extension Under Rule 1100(c). The Commonwealth's Petition was granted until November 25, 1983 and the trial was commenced on

the same date. Accordingly, only at this time, September 14, 1983, must the Commonwealth have demonstrated due diligence.

■ The Commonwealth must prove by a preponderance of the evidence that it acted with due diligence to bring the case to trial. *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979).

The test in determining whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances. *Commonwealth v. Williams,* 317 Pa.Super. 456, 464 A.2d 411, 417 (1983), *quoting Commonwealth v. Wroten,* 305 Pa.Super. 340, 451 A.2d 678, 681 (1982).

Two Commonwealth witnesses were properly subpoenaed to appear on the September 9, 1983 trial date. The police witness failed to appear because he was on vacation. The civilian witness testified that he had sustained a foot injury several days prior to September 9, 1983. He further testified that the foot had swelled up on the morning of the trial which required medical attention at Abington Hospital.

■ Whether unavailability of a person for trial will nevertheless preserve the Commonwealth's evidence of due diligence rests on whether the person was within the Commonwealth's control. *Commonwealth v. Singleton,* 313 Pa.Super. 224, 459 A.2d 821, 823 (1983).

■ When witnesses become unavailable toward the end of the Rule 1100 time period—whether through vacation, illness, or other reasons not within the Commonwealth's control, the Commonwealth is prevented from commencing trial within the requisite period despite its due diligence and an extension of time is warranted. *Commonwealth v. Sharp,* 287 Pa.Super. 314, 430 A.2d 302, 304 (1981).

■ With respect to the police witness, the appellant contends that the Commonwealth lacked due diligence because the Commonwealth should have been on notice that several police officers schedule their vacation during the summer months. There was no evidence that such a vaca-

tion schedule was available on June 1, 1983, the time at which the September 9, 1983 trial listing was set. Moreover, the police witness testified that he had not received the notice to appear prior to going on vacation.

■ In *Sharp*, 287 Pa.Superior Ct. at 317, 430 A.2d at 304, the Court held that the Commonwealth was entitled to a Rule 1100 extension where its reasonable efforts to secure a witness's presence at trial were thwarted by the witness's decision not to appear for wholly personal reasons. In this case, the civilian witness was properly subpoenaed. His decision not to appear was totally beyond the control of the Commonwealth.

We conclude that the Commonwealth made diligent efforts to secure the witnesses' presence at trial. Therefore, we affirm the order of the lower court granting appellee's Petition For Extension.

Judgment of Sentence affirmed.