**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Haroon KEARSE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 27, 2005.

Filed Dec. 13, 2005.

Reargument Denied Feb. 10, 2006.

**5.** Although we need not reinvent the wheel each time a party raises a *Frye* challenge to the sort of scientific method previously approved by a binding appellate court ruling, trial courts still should evaluate each challenge based on the putative novelty of the theory and methodology underlying proffered expert evidence or testimony. Indeed, the overarching source of my concerns articulated herein is the prospect that courts might deem the Majority analysis to reflect a *per se* preclusion of an analysis for novelty in the first instance of any proffered methodology in the context of SVP assessments.

**6.** I recognize that the Majority Opinion pays more than lip service to those propositions that animate my Concurring Opinion. *See, e.g.,* Maj. Slip Op. at 17 (finding no abuse of discretion "primarily because [the Court] is satisfied that Dr. Valliere's testimony did not involve science which could properly be deemed novel under *Frye*"). Because I view the Majority's analysis as amenable of several interpretations, however, I respectfully disagree with just those aspects of the Majority's analysis that are inconsistent with the foregoing discussion.

Jeffrey P. Shender, Public Defender, Philadelphia, for appellant.

Peter Carr, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: JOYCE, LALLY–GREEN and JOHNSON, JJ.

OPINION BY JOYCE, J.:

¶ 1 Haroon Kearse (Appellant) appeals the judgment of sentence entered September 23, 2004, in the Court of Common Pleas of Philadelphia County. In this appeal, Appellant alleges the trial court erred in denying his motion to dismiss based on Pa.R.Crim.P. 600, 42 Pa.C.S.A. (Rule 600) in violation of his right to a speedy trial. Upon review, we affirm. The relevant facts and procedural history are as follows.

¶ 2 During a surveillance operation, Appellant and his co-defendant, Tyree Bonner, were observed selling drugs to a va-

riety of different people. As a result, Appellant was arrested on May 8, 2003, and charged with possession of a controlled substance, possession with intent to deliver a controlled substance, and criminal conspiracy.[1] The criminal complaint was issued on May 9, 2003; therefore, the Commonwealth was required to bring Appellant to trial by the mechanical run date of May 8, 2004, since 2004 was a leap year.

¶ 3 The case was originally listed for the Treatment Court upon Appellant's request.[2] On May 27, 2003, it was determined that Appellant was not appropriate for Treatment Court; thus, the case was listed for a preliminary hearing on June 3, 2003. However, on that date, Appellant's co-defendant's counsel did not appear, the Commonwealth opted not to sever the charges, and the case was continued until July 1, 2003. Co-defendant's counsel's failure to appear plagued the next four scheduled preliminary hearings, requiring continuances. Additionally, on the fifth scheduled preliminary hearing date, the affiant was unavailable to testify since he was attending a funeral, requiring another continuance until April 6, 2004, when the charges were bound over to court. Appellant was arraigned on April 27, 2004, and trial was scheduled for June 17, 2004. This date was beyond the mechanical run date which prompted Appellant to file a motion to dismiss. A hearing was held, the motion was denied, and Appellant proceeded to a non-jury trial and was convicted of the aforementioned charges. On September 23, 2004, he was sentenced to an aggregate of five years of probation. This timely appeal followed wherein Ap-

---

1. 35 P.S. § 780–113(a)(16), (a)(30), and 18 Pa.C.S.A. § 903, respectively.

2. There was some controversy as to whether Appellant's case was listed for Treatment Court at his request or whether it was done automatically. However, the trial court resolved this conflict against Appellant, and we will not disrupt the court's finding.

pellant raises a sole challenge to the trial court's denial of his motion to dismiss. Appellant's issue essentially boils down to a single question: did the Commonwealth fail to act with due diligence when it allowed the preliminary hearing to be continued several times instead of severing Appellant's case from his co-defendant's, thus protecting Appellant's speedy trial rights?

■■■ ¶ 4 Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super.2004) (*en banc*). "Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party." *Commonwealth v. Williams*, 876 A.2d 1018, 1020 (Pa.Super.2005) (citation omitted).

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Hunt, supra*, 858 A.2d at 1239.

¶ 5 Appellant's speedy trial right is governed by Pa.R.Crim.P. 600, 42 Pa.C.S.A., which provides, in relevant part:

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

(B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

.     .     .     .     .

■ (G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Common-

wealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

In the event the case is dismissed pursuant to this paragraph, the court shall promptly prepare a report of continuances by the Commonwealth, and the reasons therefor, which prevented the case from coming to trial as required by this rule. Such report shall be certified by the president judge or administrative judge, shall be made part of the public record of the case, and shall be sent to the Court Administrator of Pennsylvania within 20 days of the order of discharge.

Pa.R.Crim.P. 600. Since the complaint against Appellant was filed on May 9, 2003, his mechanical run date was May 8, 2004, since 2004 was a leap year. However, Appellant's case was not listed for trial until June 17, 2004, forty days after the mechanical run date. Of those forty days, the court determined that the seven days where Appellant requested that he be accepted into Treatment Court were excludable time. Thus, Appellant's adjusted run date was May 15, 2003. Appellant's case was not called until June 17, 2004, thirty-three days after his adjusted run date in violation of Rule 600. "Once a violation of Rule 600 has been established, as it has here, the inquiry becomes whether the Commonwealth exercised due diligence in bringing Appellant to trial and if the circumstances occasioning the postponement were beyond the control of the Commonwealth." *Commonwealth v. Hill,* 558 Pa. 238, 736 A.2d 578, 591 (1999); Pa. R.Crim.P. 600(G).

¶ 6 Before discussing the propriety of the trial court's denial of Appellant's Rule 600 motion, we must first address the Commonwealth's position that it was only required to prove that it acted with due diligence at the last listing before the run date. Both in its brief and at oral argument, the Commonwealth maintained that this Court may only consider that it acted diligently between the last listing before the run date, the April 27, 2004 arraignment, and the June 17, 2004 first scheduled trial date. The Commonwealth's position would thus prevent this Court from considering Appellant's position that it did not act with due diligence in continuing Appellant' preliminary hearing six times because all of those dates preceded the last listing before Appellant was scheduled for trial. We are taking this opportunity to dispel the Commonwealth's erroneous notion.

¶ 7 The Commonwealth advances its position based on a sentence extracted from *Commonwealth v. Mines,* 797 A.2d 963 (Pa.Super.2002), which, in turn, quoted *Commonwealth v. Burke,* 344 Pa.Super. 288, 496 A.2d 799 (1985). In *Mines,* the defendant filed a motion to dismiss pursuant to Rule 600, which was denied. The reason for the delay in bringing the defendant to trial was the fact that "on the last two listings before the mechanical run date, Mines was not brought down [to the court] from state custody." *Mines,* 797 A.2d at 964. Mines argued that the delay should be attributable to the Commonwealth, a position rejected by the Court. In so finding, the *Mines* Court stated "the Commonwealth must prove by a preponderance of the evidence that it acted with due diligence *at the last listing before the amended rundate and any listing thereafter to bring the case to trial*" and that the evidence established this due diligence. *Id.* at 965, quoting *Burke, supra* (emphasis added). Indeed, the Commonwealth's efforts to bring Mines to trial on the last two listings before the run date were the only periods of time at issue, thus making the citation to *Burke* relevant under the facts of that case only. However the Commonwealth's efforts to extend that proposition to the case *sub judice* are misguided.

¶ 8 The quotation at issue in *Mines* originated from *Burke, supra,* wherein the issue was whether the trial court erred in granting the Commonwealth an extension of time in which to try the defendant. At the time *Burke* was decided, Rule 1100(c) (the precursor of Rule 600) provided:

At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.

Former Pa.R.Crim.P. 1100(c). To meet its burden, the Commonwealth was not required to establish due diligence "on prior trial or hearing dates for which a Rule 1100 extension was not sought." *Id.* at 800. Rather, "[i]n order to be entitled to an extension under former Pa.R.Crim.P. 1100(c), the Commonwealth must prove by a preponderance of the evidence that it acted with due diligence at the last listing before the amended rundate and any listing thereafter to bring the case to trial." *Commonwealth v. Corbin,* 390 Pa.Super. 243, 568 A.2d 635 (1990) (citing *Burke* ). *See also, Commonwealth v. Hollingsworth,* 346 Pa.Super. 199, 499 A.2d 381 (1985) ("We have also determined that in seeking an extension the Commonwealth need not prove its due diligence throughout the entire 180–day period; rather, the relevant inquiry is whether the Commonwealth demonstrates due diligence at the last listing before the run date at which the defendant could not be brought to trial.") It should be understood that questions concerning the propriety of granting an extension of time are separate inquiries that must be addressed before the merits of a motion to dismiss based on a violation of Rule 600 can be considered. *Commonwealth v. Hawk,* 528 Pa. 329, 597 A.2d 1141, 1145 (1991).

■ ¶ 9 Presently, this is not a case where the Commonwealth is seeking an extension of time in which to try Appellant. The ability to seek an extension of time was deleted from Rule 1100 on December 31, 1987. *Hill, supra,* 736 at 592, n. 10. The law is well-settled that the Commonwealth must, in the face of a Rule 600 violation, prove by a preponderance of evidence that it acted with due diligence throughout the proceedings, not just at the last listing before the amended run date and any listing thereafter to bring the case to trial as the Commonwealth would have us accept. Additionally, it appears that the notion that the Commonwealth had to prove that it acted with due diligence at the last listing before the run date and thereafter has been overruled by our Supreme Court in *Hawk, supra* where the Court, in examining a challenge to the trial court's grant of an extension of time pursuant to 1100(c) stated, "we find that the Commonwealth should be held to the requirement that it exercise due diligence at all times during the pendency of a case." *Hawk,* 597 A.2d at 1145. To hold otherwise would defeat the purpose of Rule 600, allowing the Commonwealth to carelessly linger in the early stages of a case while providing a defendant with no recourse to effectuate his state and federal constitutional right to a speedy trial and the procedural mandates of Rule 600. Any reading of *Mines* to the contrary is flatly refuted by realizing the quotation from *Burke* was factually applicable to *Mines,* but the premise for which it stood applied to the Commonwealth's burden of proof in seeking an extension of time under rescinded Rule 1100(c). Thus, this portion of the Commonwealth's argument fails, and we

shall proceed to address the merits of the denial of the motion to dismiss.

¶ 10 As we have already established that there was a violation of Rule 600, we will now proceed to determine whether the trial court was correct in concluding that the Commonwealth acted with due diligence. *Hill, supra,* 736 A.2d at 591; Pa. R.Crim.P. 1100(G). Appellant contends that the Commonwealth did not act with due diligence because it chose not to sever his case from his co-defendant's when faced with five continuances of the preliminary hearing when his co-defendant's counsel failed to appear. Also, the preliminary hearing was continued at the behest of the Commonwealth for a sixth time because the affiant was unavailable since he was at a funeral. In regards to the continuances because co-defendant's counsel did not appear, our Supreme Court has held that pretrial delays necessitated by a co-defendant are not excludable time for purposes of deciding Appellant's motion to dismiss so long as Appellant did not acquiesce to the delay. *Id.* at 591. Nonetheless, the fact that co-defendant's counsel did not appear was a circumstance beyond the control of the Commonwealth. Additionally, the Commonwealth was prepared to proceed with the preliminary hearing on each of those five occasions, thus demonstrating that it was prosecuting Appellant's case with due diligence. *Id.* at 592. Moreover, the fact that the Commonwealth was unable to proceed at the sixth preliminary hearing because the affiant was at a funeral was a circumstance beyond the control of the Commonwealth. *See Hunt, supra* (victim's absence from the country was a circumstance beyond the Commonwealth's control). Consequently, we conclude that the trial court was cor-rect in finding that the Commonwealth acted with due diligence in bringing Appellant to trial.

¶ 11 In support of his position that the Commonwealth was required to sever his case from his co-defendant's in order to exercise due diligence, Appellant states, "[a]lmost thirty years ago, in *Commonwealth v. Kelly,* 246 Pa.Super. 196, 202, 369 A.2d 879 (1976), this Court unambiguously stated that *'Brown* and *Hagans* unequivocally state that the burden is on the Commonwealth when faced with delays caused by a co-defendant to move for a severance of trial.' " [3] First of all, Appellant does not accurately cite *Kelly* since the Court in that case stated that the Commonwealth should avail itself of whatever avenue it had available to it to avoid a Rule 600 problem, whether that be to sever the cases or petition the court for an extension of time as allowed under former Rule 1100(c). Moreover, we note that *Hagans* did not require that the Commonwealth sever the case, but instead held that the Commonwealth could have petitioned for an extension of time. Additionally, *Brown* only posits, *arguendo,* that the Commonwealth could have moved for a severance, but did not impose that requirement when faced with speedy trial problems. Thus, we do not find that these cases mandate that the Commonwealth sever a case when faced with a potential Rule 600 violation. On the contrary, this Court has held that the Commonwealth is not required to sever a defendant's case from a co-defendant's when faced with a possible Rule 600 violation. *Commonwealth v. Jackson,* 765 A.2d 389, 395 (Pa.Super.2000). This holding is in accordance with the historical posture of the Rule, which recognizes that a prophylactic

---

**3.** *Commonwealth v. Brown,* 242 Pa.Super. 397, 364 A.2d 330 (1976); *Commonwealth v. Hagans,* 242 Pa.Super. 393, 364 A.2d 328 (1976), *affmd.* 482 Pa. 572, 394 A.2d 470 (1978).

application is not in the interest of justice and also that the Rule must take into account society's interest in the effective administration of justice. *Hunt, supra.*

¶ 12 Lastly, we will address the issue of whether the trial court improperly "imported" a prejudice prong into its Rule 600 analysis. When evaluating Rule 600, there need be no discussion of whether a defendant is prejudiced because prejudice is shown simply by proving that the defendant suffered 365 days of non-excludable pretrial delay under facts showing that the Commonwealth did not exercise due diligence. Instead, a prejudice analysis is proper when evaluating whether the delay violated the defendant's right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. In that instance, the following test is implemented

> (1) whether the delay itself was sufficiently long to be "presumptively prejudicial"; and, if so, (2) whether the delay is justified under the balancing test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The balancing test analyzes four factors: the length of the delay; the reason for the delay; the defendant's assertion of the right to a speedy trial; and, any prejudice to the defendant arising from the delay.

*Commonwealth v. Africa,* 524 Pa. 118, 569 A.2d 920, 923 (1990). However, Appellant did not raise the separate constitutional issue apart from the Rule 600 issue as a basis for the motion to dismiss, and therefore, there was no need for the *Africa* test, including the prejudice prong, to be examined. The trial court's error in this respect, however, does not change the result we have already reached, which is that Appellant's Rule 600 motion to dismiss was properly denied. Accordingly, Appellant's judgment of sentence is affirmed.

¶ 13 Judgment of sentence affirmed.