J-A28002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARIUS L. BURKETT, | |
| Appellant | No. 2485 EDA 2013 |

Appeal from the Judgment of Sentence July 31, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007685-2009

BEFORE:  GANTMAN, P.J., PANELLA and SHOGAN, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:            **FILED APRIL 14, 2016**

After careful review, I respectfully disagree with the Majority's conclusion that Appellant's Rule 600 claim lacks merit.  Thus, I would reverse.

In addressing violations of Rule 600, this Court explained:  "Once a violation of Rule 600 has been established, as it has here, the inquiry becomes whether the Commonwealth exercised due diligence in bringing Appellant to trial and if the circumstances occasioning the postponement were beyond the control of the Commonwealth."  ***Commonwealth v. Kearse***, 890 A.2d 388, 392 (Pa. Super. 2005).  "Due diligence is a fact-specific concept that must be determined on a case-by-case basis.  Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a **reasonable** effort has been put

forth." **Commonwealth v. Ramos**, 936 A.2d 1097, 1102 (Pa. Super. 2007) (emphasis in original). "Moreover, the Commonwealth bears the burden of proving that its efforts were reasonable and diligent." **Id.** As our Supreme Court has stated: "[t]he Commonwealth . . . has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence." **Commonwealth v. Bradford**, 46 A.3d 693, 701 (Pa. 2012)

During the hearing on Appellant's Rule 600 motion and in its opinion, the trial court identifies several periods of time that resulted in delay of trial. In reference to each of those periods of time, the trial court concluded that the time could not be counted against the Commonwealth. Despite the court's conclusion that the time should not be counted against the Commonwealth, however, the trial court did not conduct a due diligence analysis regarding some of these delays.

There are two specific timeframes with which I am most concerned. First are the delays resulting from Appellant not being brought to court from his place of incarceration. The record establishes that Appellant was not transported to court on January 18, 2011, and March 22, 2011. Those absences resulted in significant delays in the procession of this matter and ultimately bringing Appellant to trial.[1] In considering these delays, the trial

---

[1] I accept the trial court's conclusion that the delay caused by the closing of the courthouse on January 27, 2011 was not to be charged to the Commonwealth.

court reasoned that it was "not the Commonwealth's fault" as the District Attorney's office is not responsible for the prison or the sheriff's department. N.T., 1/15/13, at 11-12. Lacking from this analysis, however, was any questioning as to whether the Commonwealth had indeed issued writs to have Appellant brought to court from his place of incarceration. Moreover, the Commonwealth did not present any evidence or assert that the writs had in fact been issued.

In a factually similar case, **Commonwealth v. Thompson**, 93 A.3d 478 (Pa. Super. 2014), our Court addressed this very issue. Conducting a Rule 600 analysis in **Thompson**, the trial court concluded that it was "administrative error" that resulted in delay where the appellant was not brought to court from his place of incarceration on two occasions. The trial court determined the period of time caused by this delay was beyond the Commonwealth's control and excluded that time from its calculation.

On appeal, however, this Court noted that the writs to secure the appellant's presence in court were not part of the record. Additionally, there were no findings regarding the Commonwealth's efforts, or lack thereof, in securing the appellant's presence in court. Thus it was unclear as to why the appellant was not brought to court. This Court reasoned: "Based upon the record before us, it is plausible that these errors were a result of administrative error, either on the part of the trial court or the prison, but it

is also plausible that the prosecutor's failure to seek writs from the court caused the delays." **Id.** at 488-489.

Here, the trial court failed to make a finding regarding the Commonwealth's efforts, or lack thereof, in securing Appellant's presence in court. Accordingly, it is unclear as to why Appellant was not brought to court. As in **Thompson**, it is plausible that these errors were a result of administrative error, but it is also plausible that the prosecutor's failure to seek writs from the court caused the delay. Regardless, the Commonwealth had the burden of establishing that it acted with due diligence. As a result, the trial court's summary finding that it was "not the Commonwealth's fault" is insufficient to establish that the Commonwealth acted with due diligence in timely bringing Appellant to trial.

I find troubling also the trial court's summary conclusion regarding the unavailability of one of the Commonwealth's witnesses, an officer injured on duty. The record reflects that due to the officer's failure to appear at trial on two occasions, a 177-day period of delay resulted. The only information provided in explanation for the officer's failure to appear is that he was injured on duty. There was no explanation as to whether that injury would prevent him from attending and testifying at trial. Indeed, it appears that the trial court initially began to question the Commonwealth regarding the officer and the specifics of the injury. N.T., 1/15/13, at 19-21. The Commonwealth was unable to provide any details on this matter. **Id.** at 20.

In an apparent shift of focus, however, instead of continuing in its attempts to gather information, the trial court made the following summary conclusion:

> I don't think there's any evidence that the Commonwealth is not trying to bring this case to trial. So even without further details on the [injured on duty status], the Commonwealth's been exercising due diligence. If the police officer doesn't show up, then the explanation they get is he's injured on duty, he can't be here. They simply don't have the power to force that officer to come in.

N.T., 1/15/13, at 21.

This summary conclusion is insufficient to support the determination that the Commonwealth acted with due diligence in ensuring that the officer was available and ready to testify at trial, and that the officer's failure to appear was beyond their control. While the trial court made a finding that there was no evidence that the Commonwealth was not acting with due diligence in this matter, this determination is very different from finding that the Commonwealth has proceeded with due diligence.

For these reasons, I respectfully dissent.