J-A19004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEX MCGINTY, JR. | : | No. 561 EDA 2019 |

Appeal from the Order Entered January 15, 2019
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002173-2014

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED DECEMBER 06, 2019**

The Commonwealth of Pennsylvania appeals from the order granting the motion to dismiss pursuant to Pa.R.Crim.P. 600 filed by Appellee, Alex Robert McGinty. The Commonwealth contends that the trial court misapplied Rule 600 and erred in finding that the Commonwealth failed to exercise due diligence. The trial court held:

> The Commonwealth is required to act with due diligence throughout this period and maintain adequate records to ensure compliance with Rule 600.  The Commonwealth failed to submit records of any efforts to bring Defendant to trial within the time constraints of Rule 600.  We find that the facts here are more akin to [**Commonwealth v. Barbour**, 189 A.3d 944 (Pa. 2018)] and we will grant Defendant Motion to Dismiss pursuant to Pa.R.Crim.P. 600.

Trial Court Opinion, 1-15-19, at 8.  We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

We need only summarize the procedural history of this appeal. On September 24, 2012, the Commonwealth filed a Criminal Complaint charging Appellee with two counts of Aggravated Assault[1] and Assault by Prisoner.[2]

Bail was set on September 27, 2012, however, Appellee was unable to make bail and was incarcerated. Following a number of continuances, mostly requested by Appellee, a preliminary hearing was finally held on October 27, 2014, during which Appellee waived all of the charges into court.

A Criminal Information was filed on November 20, 2014. A bail hearing was held on December 8, 2014, which resulted in Appellee being immediately released on unsecured bail. The case was placed on the Criminal Trial Term for February 2015.

On January 28, 2015, the trial court removed the case from the February trial list and placed it on the March 2015 Criminal Trial Term. A status conference was scheduled for February 18, 2015, with counsel and Appellee ordered to appear. However, Appellee did not appear for the February 18th conference, and the conference was continued to February 25, 2015. The trial court was under the impression that a bench warrant had been issued on February 18, 2015, following the Appellee's nonappearance, however a review of the docket entries indicates that no bench warrant had been issued on that day. On February 25, 2015, the trial court again noted that Appellee had

---

[1] 18 Pa.C.S.A. §§ 2702(a)(2) & (3).
[2] 18 Pa.C.S.A. § 2703(a).

- 2 -

failed to appear, and mistakenly referred to the earlier bench warrant, which had not been issued.

A pre-trial conference was eventually scheduled for June 6, 2018, which was continued to August 22, 2018.[3] Once again, the Appellee was ordered to appear for the pre-trial conference. On August 2, 2018, Appellee filed a motion to dismiss based upon an alleged violation of Pa.R.Crim.P. 600. A hearing was held on the motion on September 20, 2018.

Following the hearing, and the filing of briefs by the parties, the trial court filed an opinion and order on January 15, 2019, which granted the motion and dismissed the Criminal Information with prejudice.

This appeal was timely filed by the Commonwealth. The trial court properly filed a Statement in accordance with Pa.R.A.P. 1925(a), which directed our attention to the opinion of January 15, 2019.

The trial court found that the mechanical run date for purposes of Rule 600 was March 23, 2013 because of the Appellee's pretrial incarceration. The trial court further noted that the Appellee had been released on unsecured bail on December 8, 2014, which was past the mechanical run date. As stated above, there was, at least, a desire in the trial court to issue a bench warrant after the Appellee's nonappearance in February 2015. In citing to **Commonwealth v. Barbour**, 189 A.3d 944 (Pa. 2018), however, the trial

_____

[3] See Trial Court Orders of May 22, 2018, June 6, 2018, and July 25, 2018.

court found that the Appellee's Rule 600 rights had already been transgressed by that time. *See* Trial Court Opinion, 1/15/19, at 7.

On appeal, the Commonwealth argues that the majority of the delay in this case was the cause "of either the Appellee seeking continuances of his case, or his being absent from the proceedings without cause, leading to the issuance of a bench warrant". *See* Appellant's Brief at 4.

By way of further background to the Commonwealth's arguments, there does not appear to be any dispute that the mechanical run date under Rule 600(A)(1) expired on March 23, 2013. We have diligently reviewed the docket entries which are available, and we are constrained to agree with the trial court that the adjusted run date had expired prior to the Appellee's nonappearance in 2015.

On appeal, the Commonwealth emphasizes that the trial court was under an obligation to exclude any time or delay attributable to the Appellee, as well as any excusable delay that occurred due to circumstance beyond the Commonwealth's control and despite its due diligence. Commonwealth's Brief at 10. The Commonwealth asserts that Appellee's requests for continuances up until his willful failure to appear on February 25, 2015 amounted to 637 days. If the trial court had accounted for these delays, then there was no Rule 600 violation up to the February 25, 2015 conference.

The standards governing our review are well established.

> [O]ur standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial

discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Leaner*, 202 A.3d 749, 765-66 (Pa. Super. 2019)

(citation and internal alterations omitted), *appeal denied*, 216 A.3d 226 (Pa.,

filed July 2, 2019).

Rule 600 provides:

**(A) Commencement of Trial; Time for Trial**
(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*
(2) Trial shall commence within the following time periods.
(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
* * *
**(C) Computation of Time**
(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.
* * *
**(D) Remedies**
(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if

- 5 -

unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(A)(1), (A)(2)(a), (C)(1), (D)(1).

As this Court has stated:

Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Peterson,* 19 A.3d 1131, 1135 (Pa. Super. 2011)

(citation omitted). Furthermore,

Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." The adjusted run date is calculated by adding to the mechanical run date, *i.e.*, the date 365 days from the complaint, both excludable time and excusable delay. "Excludable time" is classified as

- 6 -

periods of delay caused by the defendant. "Excusable delay" occurs where the delay is caused by circumstances beyond the Commonwealth's control and despite its due diligence. "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." Due diligence includes, *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence.

**Commonwealth v. Moore**, 214 A.3d 244, 248-249 (Pa. Super. 2019) (citations omitted).

In **Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017), the Pennsylvania Supreme Court noted that "time attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." **Mills**, 162 A.3d at 325. **Mills** rejected a bright-line rule that "ordinary trial preparation" is "excludible as a matter of course." **Id.** at 325, n.1. Instead, the **Mills** Court emphasized that "courts of original jurisdiction must apply judgment in distinguishing between delay attributable to the court and that which should be allocated to a party." **Id.** at 325.

"Once a violation of Rule 600 has been established, ... the inquiry becomes whether the Commonwealth exercised due diligence in bringing [a defendant] to trial and if the circumstances occasioning the postponement were beyond the control of the Commonwealth." **Commonwealth v. Kearse**, 890 A.2d 388, 392 (Pa. Super. 2005). "The Commonwealth ... has the burden

of demonstrating by a preponderance of the evidence that it exercised due diligence." ***Commonwealth v. Cole***, 167 A.3d 49, 71 (Pa. Super. 2017) (citation and quotation marks omitted), *appeal denied*, 186 A.3d 370 (Pa. 2018).

Instantly, we agree with the trial court that the Commonwealth did not meet its burden to establish additional time was excusable under Rule 600. We note that other than the February 25, 2015 bench warrant, the Commonwealth presented no evidence of its due diligence. ***See*** N.T., 9/20/18, at 6. Although the Commonwealth refers to the total time excusable, the trial court concluded that the Commonwealth had failed to establish that it had acted with due diligence during the pendency of this prosecution. The Commonwealth does not contest the trial court's finding that Appellee complied with the special conditions of his bail, notably that he reside in the NHS group home in Effort, Pennsylvania. ***See*** Trial Court Opinion, 11/15/19, at 6. As a result, the Commonwealth also does not challenge the court's finding that Appellee "had absconded to cause delay." ***Id.*** at 7.

In sum, having reviewed the record in a light most favorable to Appellee as the prevailing party and the Commonwealth's limited arguments, the Commonwealth has not established an abuse of discretion. ***See Leaner***, 202 A.3d at 765-66. The Commonwealth failed to develop an appropriate record to support its arguments that it exercised due diligence or the delays were

beyond its control. ***See Kearse***, 890 A.2d at 392; ***see also*** Pa.R.A.P. 302(a).

Accordingly, we are constrained to conclude that no relief is due.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _12/6/2019_